**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52839**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 23, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CURTIS MICHAEL DREDGE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Judgment of conviction and suspended, unified sentence of nine years, with a minimum period of confinement of three years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Curtis Michael Dredge pled guilty to an amended charge of possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(A). In exchange for his guilty plea, an additional charge was dismissed in this case and a separate case was dismissed in its entirety. The district court sentenced Dredge to a unified term of nine years, with a minimum period of confinement of three years, but suspended the sentence and placed Dredge on probation.[1] Dredge appeals, arguing that his underlying sentence is excessive.

---

[1]    This sentence was ordered to run concurrently with Dredge's sentence in a separate case.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Dredge's judgment of conviction and sentence are affirmed.